IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VICTORIA MILLARD
                                Plaintiffs,

vs.

ZARA BROW BAR d/b/a or a/k/a/ ZARA
BEAUTY BAR, d/b/a or a/k/a/ ZARA
BEAUTY SALON

                                Defendant.

## COMPLAINT

1. Plaintiff, Victoria Millard, is an adult individual, who at all times material hereto lived at 18400 Cornstock Avenue, Sonoma, California 95476, and was a resident of the State of California.

2. Upon information and belief, and at all times relevant herein, the Defendant, Zara Brow Bar d/b/a or a/k/a Zara Beauty, d/b/a or a/k/a Zara Beauty Salon (hereinafter "ZARA") is a company, corporation or other business entity doing business at King of Prussia Mall Plaza, 160 N. Gulf Road, A 2245-#2210, King of Prussia, Pennsylvania, 19406, and was a business entity licensed to do business in the Commonwealth of Pennsylvania.

3. Federal Jurisdiction is based on diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of California, while Defendant is a business entity located in Pennsylvania.

4. Venue is based upon 28 U.S.C. Section 1391(b)(1) and 28 U.S.C. Section 1391(b)(2), as Defendant resides within this judicial district, and the accident occurred within this judicial district.

5. The Plaintiff's damages exceed the minimum jurisdictional amount required ($75,000), and are above the arbitration limit ($150,000). A jury trial is demanded.

6. On February 21, 2021, Plaintiff, Victoria Millard, was a customer of the Zara Brow Bar located in King of Prussia Mall. Ms. Millard had threading done to various parts of her face.

7. While Ms. Millard was having the threading done, she noticed that the person doing the threading was putting the thread in her mouth. Ms. Millard asked the person why this was being done and was told this was part of the process. Ms. Millard also noticed that the person doing the threading did not change her gloves between clients.

8. As a result of the thread not being sterile and/or clean and/or being in the mouth of the person doing the threading, the thread caused Ms. Millard to contract a staff infection with cellulitis on her face and on her chin. In addition, her eye was swollen shut.

9. As a result of the infection caused by the thread not being sterile and/or clean, Ms. Millard was hospitalized for 5 days and incurred extensive medical expenses.

10. As a result of the medical expenses incurred, Ms. Millard's medical insurance company may be asserting a lien for the amounts paid on behalf of Ms. Millard.

11. As a result of the infection, Ms. Millar was caused discomfort, disfigurement, inconvenience and had to incur additional costs in returning to California as she was unable to travel due to being in the hospital.

## COUNT 1 – NEGLIGENCE

12. Plaintiffs incorporate the allegations contained in paragraphs 1-11 above, as though set forth at length herein.

13. Defendant, through its agents, servants, employees, workman and contractors, was negligent and defendant's negligence caused severe and permanent injuries to the plaintiff.

14. Defendant's negligence consisted of the following:

   a. Failing to properly train its employees, agents, servants, workmen and/or contractors regarding the proper technique to be utilized to make sure that it is sterile, clean and/or not going to cause injury and/or infection;

   b. Failing to properly supervise its employees, agents, servants, workmen and/or contractors regarding the proper technique to be utilized to make sure that it is sterile, clean and/or not going to cause injury and/or infection;

   c. Allowing employees to create an unsterile and/or unclean environment by placing portions of the thread in their mouths when the thread is going to come in contact with the customers' skin;

   d. Failing to properly train and supervise its employees, agents, servants, workmen and/or contractors with regards to changing gloves, not placing threads in their mouths, creating unsterile and/or unclean and/or infectious conditions that could harm a customer;

   e. Failing to properly train and supervise its employees, agents, servants, workmen and/or contractors with regards to requirements by the Board of Health;

   f. Failing to follow proper sanitary protocol;

   g. Violation of the health and safety statutes of the Commonwealth of Pennsylvania and local ordinances;

   h. Otherwise failing to exercise due care under the circumstances;

  i. Such other acts of carelessness and negligence as will appear in the course of discovery to be conducted pursuant to the Federal Rules of Civil Procedure at the time of trial in this case;

15. As a result of the Defendant's negligence and carelessness, Plaintiff sustained injuries and damages, which injuries are serious, severe and permanent, all of which have prevented and may continue to prevent Plaintiff from attending to her usual activities, duties, and occupations.

16. As a result of the Defendant's negligence and carelessness, Plaintiffs have additionally incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiffs of the aforesaid injuries.

17. As a result of the Defendant's negligence and carelessness, Plaintiff has additionally incurred out of pocket medical bills, co-pays and deductibles due to the injuries sustained and medical treatment required.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, together with interest and costs of suit.

Kamensky, Cohen &Riechelson

DATE: 2/23/2022     BY: _K Riechelson_
Kevin S. Riechelson, Esquire
I.D. #58960
Kamensky, Cohen & Riechelson
194 South Broad Street
Trenton, N.J. 08608
**Attorneys for Plaintiffs**