IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT Of PENNSYLVANIA

| | |
|---|---|
| VICTORIA MILLARD | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : 2:22-cv-00694-JP |
| YASSEN ASSOCIATES, LLC b/b/a ZARA BROW BAR, d/b/a or a/k/a ZARA BEAUTY SALON, Z BROW BAR, LLC, SADAF NAQVI SYED NAQVI, and FATIMA NAKVI | : |
| Defendants. | : |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, it is ORDERED and DECREED that the motion is GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
The Honorable John R. Padova, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT Of PENNSYLVANIA

| | |
|---|---|
| VICTORIA MILLARD | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : 2:22-cv-00694-JP |
| YASSEN ASSOCIATES, LLC b/b/a ZARA BROW BAR, d/b/a or a/k/a ZARA BEAUTY SALON, Z BROW BAR, LLC, SADAF NAQVI SYED NAQVI, and FATIMA NAKVI | : |
| Defendants. | : |

## ALTERNATIVE ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint against individual defendants, Sadaf Naqvi, Syed Naqvi and Fatima Nakvi, it is ORDERED and DECREED that the motion is GRANTED, and said Defendants are hereby DISMISSED from this action WITH PREJUDICE.

BY THE COURT:

_____
The Honorable John R. Padova, U.S.D.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT Of PENNSYLVANIA

| | |
|---|---|
| VICTORIA MILLARD : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> YASSEN ASSOCIATES, LLC b/b/a ZARA : <br> BROW BAR, d/b/a or a/k/a ZARA BEAUTY : <br> SALON, Z BROW BAR, LLC, SADAF NAQVI : <br> SYED NAQVI, and FATIMA NAKVI : <br> : <br> Defendants. : <br> : | CIVIL ACTION NO. <br><br> 2:22-cv-00694-JP |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

For the reasons set forth in the accompanying Memorandum of Law, Defendants move this Court for an Order, pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Amended Complaint with prejudice, or for an Alternative Order to dismiss Plaintiff's claim against individual defendants, Sadaf Naqvi, Syed Naqvi, and Fatima Nakvi with prejudice.

Respectfully submitted,

Date: 8/12/2022

*/s/ Ying Zhou*
Ying Zhou, Esquire
Attorney Bar ID# 88761
Law Office of Ying Zhou, PLLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103
ying@asklawyerzhou.com
Tel. (215) 477-1888
Fax (267) 775-3327
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT Of PENNSYLVANIA**

| | |
|---|---|
| VICTORIA MILLARD | : CIVIL ACTION NO. |
| Plaintiff, | : |
| v. | : 2:22-cv-00694-JP |
| YASSEN ASSOCIATES, LLC b/b/a ZARA BROW BAR, d/b/a or a/k/a ZARA BEAUTY SALON, Z BROW BAR, LLC, SADAF NAQVI SYED NAQVI, and FATIMA NAKVI | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

*/s/ Ying Zhou*
Ying Zhou, Esquire
Attorney Bar ID# 88761
Law Office of Ying Zhou, PLLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103
*ying@asklawyerzhou.com*
Tel. (215) 477-1888
Fax (267) 775-3327
*Counsel for Defendants*

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ................................. 2

III. ARGUMENT ........................................................................................................ 5

    A. <u>Legal Standard</u> ........................................................................................ 5

    B. <u>The Amended Complaint, filed 105 days after the filing of the original Complaint, without Defendant's written consent or leave or court, should be dismissed as non-compliant to Fed. R. Civ. P. 15(a)</u> .......................... 7

    C. <u>The Amended Complaint against the individual defendants, containing mere bald assertions or legal conclusions insufficient to pierce the corporate veil or justify individual participation in the tortious act, should be dismissed as failure to state a claim to which relief can be granted</u> .................................................................................................. 8

IV.  CONCLUSION .................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**
*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................................. 6, 7

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 127 S. Ct. 1955 (2007) ..................................................................................... 6

*Buck v. Hampton Twp. Sch. Dist.,*
    452 F. 3d 256 (3d Cir. 2006) ................................................................................................... 7

*Chamberlain v. Giampapa,*
    210 F.3d 154 (3d Cir. 2000) .................................................................................................... 5

*Erie R.R v. Tompkins,*
    304 U.S. 64, 58 S. Ct. 817 (1938) ........................................................................................... 5

*Diehl v. US Steel/Edgar Thomson Works,*
    2010 U.S. Dist. LEXIS 4618 (W.D. Pa. Jan. 21, 2010) ........................................................... 5

*Foman v. Davis,*
    371 U.S. 178, 83 S. Ct. 227 (1962) ......................................................................................... 6

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) .................................................................................................... 6

*Hunter v. Dematic USA,*
    2016 U.S. Dist. LEXIS 65167 (D.N.J. May 18, 2016) ........................................................... 5

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997) .................................................................................................. 7

*Jablonski v. Pan Am. World Airways, Inc.,*
    863 F.2d 289 (3d Cir. 1988) .................................................................................................... 6

*Jang v. Boston Scientific Scimed, Inc.,*
    729 F.3d 357 (3d Cir. 2013) .................................................................................................... 6

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) .................................................................................................. 10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*,
    507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) ........................................................ 5

*Travelers Indem. Co. v Dammann & Co., Inc.*,
    594 F.3d 238 (3d Cir. 2010) .................................................................................................... 6

*Village at Camelback Property Owners Assn. Inc. v. Carr*,
    371 Pa. Super. 452, 538 A.2d 528 (Pa. Super. 1988) .............................................................. 8

*Washington v. Jadczak (In re Jadczak)*,
    2011 Bankr. LEXIS 45 (Bankr. E.D. Pa. 2011) ................................................................... 8, 9

*Zubik v. Zubik*,
    384 F.2d 267 (3d Cir. 1967) .................................................................................................... 8

**Statutes**

N.J.S.A.§42:2C-51……………………………………………………………………………..4,10

**Rules**

Fed. R. Civ. P. 8(a) …………………………………………………………………………..10

Fed. R. Civ. P. 12(b)(6) ……………………………………………………………………….1, 8

Fed. R. Civ. P. 15(a) …………………………………………………………………..1, 5, 7, 8

**Other Authorities**

3A Fletcher, *Cyclopedia of the Law of Private Corporations* §1137, P. 207

(perm. ed. Rev. 1975) ……………………………………………………………………………9

I.       **INTRODUCTION**

Defendants seek a dismissal of the amended complaint, pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure, on the basis that it was filed outside of Rule 15(a)(1)'s 21-day "amending as a matter of course" period and Plaintiff did not obtain the required written consent of Defendants or seek a leave of court to amend according to Rule 15(a)(2) prior to filing. *See* Fed. R. Civ. P.15(a)(1) and (a)(2).

Separately and alternatively, Defendants seek to dismiss the amended complaint against individual defendants, Sadaf Naqvi, Syed Naqvi, and Fatima Nakvi ("individual defendants") under Rule 12(b)(6) of Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, the amended complaint alleges that Victoria Millard visited Zara Brow Bar, a/k/a Zara Beauty Bar, in King of Prussia Mall on February 21, 2021, and received facial threading services therein to various parts of her face. Then allegedly, she contracted staph infection with cellulitis caused by the unsanitary threading performed on her face by a Zara Brow Bar staff. Plaintiff attributes Ms. Millard's injuries to Defendants' negligent failure to supervise their employee under the theory of *respondeat superior*. However, nowhere in the amended complaint does plaintiff allege a cognizable theory of liability or suggest a theory of veil piercing against the individual defendants, Sadaf Naqvi and Fatima Nakvi, who are mere members of a duly formed New Jersey limited liability company, Z Brow Bar, LLC, the current owner of Zara Brow Bar or Zara Beauty Bar, and/or against individual defendant, Syed Naqvi, who is a former member of a duly dissolved and terminated New Jersey limited liability company, Yaseen Associates, LLC, the former owner of Zara Brow Bar or Zara Beauty Bar. Factually, Plaintiff does not allege any corporate fraud, illegality, or injustice, or set forth any factors that are typically considered in disregarding the corporate form for purpose of piercing the corporate veil to hold the individual members of the corporation liable. Plaintiff also does not

1

allege any fact to establish that said individual defendants have participated in the tortious or wrongful act that allegedly caused Plaintiff's injuries.

As set forth in more details below, the amended complaint does not allege any cognizable theory of liability against said individual members and/or owners of defendant LLCs, who did not participate in the alleged wrongdoing of the LLCs' employee.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff filed a complaint on February 23, 2022 against Zara Brow Bar d/b/a or a/k/a Zara Beauty Bar d/b/a or a/k/a Zara Beauty Salon (Doc. 1). After Defendants waived service of summons on March 29, 2022, Plaintiff's counsel informed defense counsel that Plaintiff intends to file an amended complaint. Even though defense counsel did not voice any objection to Plaintiff's intended filing of an amended complaint, defense counsel did not specifically give written consent for Plaintiff to file an amended complaint beyond the Rule 15(a) period for amending as matter of course. On June 8, 2022, one hundred and five (105) days after the filing of the original complaint, Plaintiff filed an amended complaint (Doc. 2) and named Yaseen Associates, LLC, a dissolved and terminated limited liability company, Sadaf Naqvi, Syed Naqvi, and Fatima Nakvi, individual members of the LLCs, as additional defendants.

According to the amended complaint, Plaintiff Victoria Millard visited Zara Brow Bar located in King of Prussia Mall on February 21, 2021, to have "threading done to various parts of her face." *Amended Complaint* ("*Am. Compl.*") ¶10. While Plaintiff was there, she noticed that "the person doing the threading was putting the thread in her mouth" and "did not change her gloves between clients." *Am. Compl.* ¶11. She was told that "this was part of the process." *Id*. Plaintiff alleges "[a]s a result of the thread not being sterile and/or clean and/or being in the mouth of the person doing the threading, the thread caused (her) to contract a staff [*sic*] infection

with cellulitis on her face and on her chin" for which she was hospitalized and incurred medical expenses. *Am. Compl.* ¶¶*12 and 13*.

The amended complaint alleges that Zara Brow Bar is individually, jointly, and severally, operated, managed, owned, controlled, supervised or otherwise, by Yaseen Associates, LLC and Z Brow Bar, LLC, *and that* "Defendant[s] Sadar [*sic*] Naqvi, Syed Naqvi and Fatima Nakvi were the members of Defendant Yaseen Associates, LLC." *Am. Compl.* ¶¶*2, 3, 18, and 26*. The amended complaint concedes that before Plaintiff's injury occurred, Defendant Z Brow Bar, LLC was already formed in New Jersey and began operating a "threading salon" in the King of Prussia Mall on or about February 2, 2021, approximately 19 days before Plaintiff's visit to Zara Brow Bar. *Am. Compl.* ¶*27*. The amended complaint further alleges that Defendants Yaseen Associates, LLC and/or Z Brow Bar, LLC were formally placed on notice of Plaintiff's claim on or about March 23, 2021. *Am. Compl.* ¶*27*.

The amended complaint then alleges that individual defendants "transferred all assets of Yaseen Associates, LLC to Defendant Z Brow Bar, LLC without Yaseen Associates, LLC being fairly compensated for said transfer of assets." and the transfer of assets "failed to provide for creditors, such as Plaintiff." *Am. Compl.* ¶¶*29 and 31*. Plaintiff does not allege how the corporate defendants, Yaseen Associates, LLC and Z Brow Bar, LLC could have anticipated Plaintiff's claim in their transfer of assets as the alleged transfer predates Plaintiff's injury and subsequent claim.

The amended complaint alleges that individual defendants "are members and/or directors of Defendant Z Brow Bar, LLC and exercised control of Defendant Z Brow Bar, LLC." *Am. Compl.* ¶*34*. However, it does not allege any fact that would either question the independent

3

entity status of Defendant Z Brow Bar, LLC or create a presumption that the LLC is a sham or mere alter ego of individual defendants.

The amended complaint also alleges that "Yaseen Associates, LLC, formally moved the State of New Jersey to dissolved [*sic*] on or about February 8, 2022" and "distributed assets to Defendants Sadar [*sic*] Naqvi, Syed Naqvi Fatima Navki [*sic*] after the aforesaid dissolution." *Am. Compl.* ¶¶*37 and 38*. Relying on a New Jersey statute relating to a dissolved limited liability company's option to publish a notice of dissolution to its potential claimants, the amended complaint alleges the individual defendants are "personally liable to Plaintiff for the debts of Defendant Yaseen Associates, LLC." *Am. Compl.* ¶*39*. However, the amended complaint does not allege how N.J.S.A. §42-2C-51 is relevant or applicable to the facts of the subject action as the amended complaint does not allege any notice of dissolution was published by Yaseen Associates, LLC or that it has requested persons having claims against the company to present them in accordance with the notice.

The amended complaint baldly alleges, in its final count, that Yaseen Associates, LLC and Z Brow Bar, LLC failed to register as a foreign business in Pennsylvania, and by that, they are precluded from operating business in Pennsylvania and paying Pennsylvania taxes. *Am. Compl.* ¶¶*42 and 43*. It further alleges that individual defendants "operated the aforementioned retail shop without liability insurance for the protection and benefit of Plaintiff and other like customers"; that their failure to register as a foreign entity or to obtain insurance was "for fraudulent purposes to avoid obligations to Plaintiff and other members of the public that utilized the services of Defendants"; that the individual defendants "failed to properly capitalize said companies or otherwise depleted assets to the detriment of Plaintiff"; that they "failed to require Defendant Z Brow Bar, LLC to provide fair market value for assets of Defendant Yaseen

Associates, LLC" and that "Defendants failed to adhere to corporate structure and comingled assets of Defendant Yaseen Associates, LLC with assets of Defendant Z Brow Bar, LLC and with personal assets of the [individual defendants]." *Am. Compl.* ¶¶44 - 48. Finally, Plaintiff alleges without an iota of supporting evidence that the individual defendants operated under a façade corporate shell "for the fraudulent benefits of Defendants Sadar [sic] Naqvi and Fatima Nakvi to the detriment of creditors such as Plaintiff." *Am. Compl.* ¶49.

### III. ARGUMENT[1]

#### A. <u>Legal Standard</u>

Fed. R. Civ. P. 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "A court has discretion to strike or allow an amended complaint that is filed after the deadline to make an amendment as a matter of course under Rule 15(a)(1) has passed". *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *see also Diehl v. U.S. Steel/Edgar Thomson Works*, 2010 U.S. Dist. LEXIS 4618, at *15 (W.D. Pa. Jan. 21, 2010) (quotation omitted)." *Hunter v. Dematic USA*, 2016 U.S. Dist. LEXIS 65167, *11-12 (D.N.J. May 18, 2016). "In any event, after the 21-day amendment 'as a matter of course' period has expired or a party has already amended its pleading once, a party may amend the pleading 'with the opposing party's written consent or the court's leave.' Fed. R. Civ. P. 15(a)(2)." *Id*. "Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith

---

[1] As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice." *Id*. (Citing to, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Jang v. Boston Scientific Scimed, Inc.*, 729 F.3d 357, 367 (3d Cir. 2013).) "'Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *Id. (*quoting*, Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Id.* at *12 (quoting, *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)). "For that reason, the Court applies the 'plausibility' standard which applies to motions to dismiss under Rule 12(b)(6)." *Id*. (citing to, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. lqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Specifically, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Third Circuit has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged – but has failed to show – that the pleader is entitled to relief. *Id.*

While a court must treat well-pled factual allegations as true in conducting its analysis, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Moreover, a court may consider documents that are attached to or submitted with the complaint as well as "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). In that regard, a court is not bound to accept allegations in a complaint that are contrary to the documents that are attached to, or referenced in, a complaint or are subject to judicial notice. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

    B.    <u>The Amended Complaint, filed 105 days after the filing of the original Complaint, without Defendants' written consent or leave of court, should be dismissed as non-compliant to Fed. R. Civ. P. 15(a)</u>

The amended complaint was filed outside of the Rule 15(a)(1) amendment "as a matter of course" period and as such, should be dismissed as Plaintiff failed to obtain either written consent of the defendants or the court's leave prior to filing the same.

Even though defense counsel learnt in March of 2022 of plaintiff's counsel's intended filing of an amended complaint, she never gave written consent to such delayed filing some 105 days after counsel's original filing of the complaint. Furthermore, as Section C of this memorandum of law sets forth in more detail below, the claims against the individual defendants are mere bald legal conclusions without an iota of supporting evidence, and as such, they are futile, non-plausible, and insufficient to pierce the corporate veil to impute personal liability upon the individual members of the duly formed limited liability company of Z Brow Bar, LLC

or upon the already dissolved and terminated limited liability company of Yaseen Associates, LLC.

      C.    <u>The Amended Complaint against the individual defendants, containing mere bald assertions or legal conclusions insufficient to pierce the corporate veil or justify individual participation in the tortious act, should be dismissed as failure to state a claim to which relief can be granted.</u>

The amended complaint, if not subject to dismissal in its entirety under Rule 15(a), should be dismissed against the individual defendants pursuant to Rule 12(b)(6) as its bald assertions or legal conclusions are insufficient to meet the standard for either piercing the corporate veil or finding the individual corporate members to have participated in the alleged tortious act.

"Under Pennsylvania law, there are two distinct potential grounds for holding limited liability company members individually liable for debts of the company. First, in limited circumstances, the company veil may be 'pierced' as a sham entity, or alter ego of the individual member." *Washington v. Jadczak (In re Jadczak)*, 2011 Bankr. LEXIS 45, 2011 WL 13612 *18-19 (Bankr. E.D. Pa. 2011). However, the *Washington* Court observes:

> In Pennsylvania there is a strong presumption against piercing the veil. . . . There is no definitive standard in Commonwealth law for the application of this theory, but the typical argument states that it is appropriate to pierce the veil in order to "prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat the public purpose or shield someone from a liability for a crime." *Village at Camelback Property Owners Assn. Inc. v. Carr*, 371 Pa. Super. 452, 461, 538 A.2d 528, 533 (Pa. Super. 1988) (citing Zubik v. Zubik, 384 F.2d 267 (3d Cir. 1967)). The factors to be considered in disregarding the corporate form are said to be undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs, and use of the corporate form to perpetuate a fraud. . . .

*Id.* at *19.

"The second ground to establish individual liability [] is known as the 'participation theory' of liability." *Id.* at *20. Under this theory, plaintiff needs to show that the individual

defendants have "personally participated in the alleged tortious acts committed on behalf of the corporations." *Id.* Citing the Pennsylvania Supreme Court, The *Washington* district court explains:

> There is a distinction between liability for individual participation in a wrongful act and an individual's responsibility for any liability-creating act performed behind the veil of a sham corporation. Where the court pierces the corporate veil, the owner is liable because the corporation is not a bona fide independent entity; therefore, its acts are truly his. Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner. Such liability is not predicated on a finding that the corporation is a sham and a mere alter ego of the individual corporate officer. Instead, liability attaches where the record establishes the individual's participation in the tortious activity.

*Id*. at *20-21.

Pennsylvania law recognizes the participation theory as a basis of liability.

> The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort, nor for the acts of other agents, officers or employees of the corporation in committing it, unless he specifically directed the particular act to be done or participated, or cooperated therein.

*Id*. at *21-22 (quoting, 3A Fletcher, *Cyclopedia of the Law of Private Corporations* § 1137, p. 207 (perm. ed. rev. 1975)[]). "Liability under this theory attaches only where the corporate officer is an actor who participates in the wrongful acts." *Id*. at *22.

In the case at hand, Plaintiff asserted, without an iota of factual support, that the individual defendants operated under a "façade corporate shell" for their "fraudulent benefit" and to the "detriment of creditors such as Plaintiff." *Am. Compl. ¶49*. It is unfathomable how the plaintiff could be deemed as a "creditor" when she has not obtained a judgment against the defendants. Plaintiff's other assertions, that individual defendants "failed to properly capitalize" or "depleted assets to the detriment of Plaintiff", "failed to require Defendant Z Brow Bar, LLC

9

to provide fair market value for assets of Defendant Yaseen Associates, LLC", and "failed to adhere to corporate structure and comingled assets of Defendant Yaseen Associates, LLC with assets of Defendant Z Brow Bar, LLC and with personal assets of the [individual defendants]," all amount to bald assertions or legal conclusions disguised as factual allegations that are insufficient to meet the notice requirement of Fed R. Civ. P. 8(a) as "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 1997 U.S. App. LEXIS 35968 at *12.

Plaintiff's reliance on a New Jersey statute, N.J.S.A. 42:2C-51 to attribute personal liability to the individual defendants in Count III of the amended complaint, is misplaced. As Plaintiff chose to file the action in the Eastern District Court of Pennsylvania and the alleged injury occurred in Pennsylvania, the substantive laws of Pennsylvania apply here under the *Erie* doctrine and the choice of law principles. As such, Plaintiff's averments against the individual defendants in Count III should be dismissed as failing to state a claim for which relief can be granted.

Plaintiff's bald assertions, in Count IV, that Defendant LLCs failed to register in Pennsylvania as a foreign business, failed to pay Pennsylvania taxes and operated without insurance, on their own, do not impute personal liabilities of the individual defendants in Plaintiff's injury. These assertions have no bearing on whether plaintiff can pierce the corporate veil of the defendant LLCs as there are no allegations of facts that individual defendants have acted in any way to defraud the plaintiff or use the corporate structure to hide their criminal actions. Defendant LLCs' alleged failure to register in Pennsylvania or maintain insurance, by itself, does not prevent Defendant LLCs from being bona fide New Jersey corporations for purpose of this action. Thus, Count IV should be dismissed against individual defendants in this

action as said defendants are protected under the corporate veil from being held personally liable in Plaintiff's action and Plaintiff fails to allege any fact that would trigger a piercing of the corporate veil to hold these individual defendants liable otherwise.

Under the participation theory, the amended complaint does not allege any fact to show the individual defendants involved or participated in any way or form in causing Plaintiff's injury. It alleges only that Ms. Millard was told by the person doing the threading that "this was part of the process." *Am. Compl. ¶11*. This single, vague, hearsay or self-serving statement from an unknown, unidentified employee alone does not impute personal liability on to the individual defendants, who were not present at the scene and have not been shown to have either specifically directed the alleged tortfeasor to thread or handle the threading in the alleged manner or personally participated in the facial threading of the plaintiff. In sum, the individual defendants cannot be held personally liable under a participation theory as the amended complaint does not set forth any allegations of facts to show they have participated in the tortious act that allegedly resulted in Plaintiff's injuries.

## IV.   CONCLUSIONS

Based on the foregoing reasons, the Court should dismiss the Amended Complaint in its entirety with prejudice or alternatively, dismiss plaintiff's claims against individual defendants Sadaf Naqvi, Syed Naqvi, and Fatima Nakvi.

Dated: 8/12/2022

*/s/ Ying Zhou*
Ying Zhou, Esquire
Attorney Bar ID# 88761
Law Office of Ying Zhou, PLLC
1700 Market Street, Suite 1005
Philadelphia, PA 19103
*ying@asklawyerzhou.com*
Tel. (215) 477-1888
Fax (267) 775-3327
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I, Ying Zhou, Esq., hereby certify that the foregoing Defendants' Motion to Dismiss the Amended Complaint together with the proposed Orders and Memorandum of Law were electronically filed on August 12, 2022 and is available for viewing and downloading through the Court's CM/ECF system by the following counsel of record for Plaintiff:

Kevin Riechelson, Esquire
Kamensky, Cohen, & Riechelson
194 South Broad Street
Trenton, NJ 08608

/s/ Ying Zhou
Ying Zhou