IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA MILLARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| YASSEN ASSOCIATES, LLC, et al. | : | NO. 22-694 |

## MEMORANDUM

**Padova, J.**                                                        **November 21, 2022**

Plaintiff Victoria Millard has brought this personal injury action against Defendants
Yaseen Associates, LLC d/b/a Zara Brow Bar, Zara Beauty Bar, and/or Zara Beauty Salon
("Yaseen"); Z Brow Bar, LLC ("ZBB"); Sadaf Naqvi; Syed Naqvi; and Fatima Nakvi.[1]   The
Amended Complaint alleges that Plaintiff contracted a staphylococcal ("staph") infection with
cellulitis after receiving a facial threading service at an eyebrow studio that Defendants operated.[2]
Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.   For the reasons
that follow, we deny Defendants' Motion.

## I.    BACKGROUND

The Amended Complaint alleges the following facts.   On February 21, 2021, Plaintiff
received a threading service on various parts of her face at an eyebrow studio owned and operated
by Yaseen and ZBB in the King of Prussia Mall in King of Prussia, Pennsylvania.   (Am. Compl.
¶¶ 2-3, 10, 18.)   While waiting for and receiving the service, Plaintiff noticed that the practitioner

---

[1] It appears that Plaintiff misspelled Yaseen as "Yassen" in the caption of her Amended
Complaint because she refers to the defendant as Yaseen in the body of her Amended Complaint
and all parties refer to the defendant as Yaseen in their subsequent filings.   Accordingly, we use
Yaseen throughout this Memorandum.

[2] Threading is a hair removal method whereby a thin, twisted thread is rolled across the
skin.

failed to change her gloves between clients and that she was putting the thread in her mouth before rolling it across Plaintiff's face.  (Id. ¶ 11.)   As a result of the practitioner's failure to clean her hands and/or sterilize the thread, Plaintiff contracted a staph infection with cellulitis on her face and chin.  (Id. ¶ 12.)   Plaintiff spent five days in the hospital to treat the infection.  (Id. ¶ 13.)

On March 23, 2021, Defendants Yaseen and ZBB were put on notice of Plaintiff's claims against them.  (Id. ¶ 28.)   On February 8, 2022, Yaseen applied for dissolution in New Jersey.  (Id. ¶ 37.)   Sadaf Naqvi, Syed Naqvi, and Fatima Nakvi—the individual members of Yaseen and ZBB (the "individual Defendants")—subsequently distributed Yaseen's remaining assets among themselves.  (Id. ¶¶ 26, 34, 38.)

Plaintiff commenced this action by filing a Complaint on February 23, 2022.  She filed the operative Amended Complaint on June 8, 2022.  The Amended Complaint contains four Counts.  Counts I and II assert negligence claims against Yaseen and ZBB, based on direct liability and/or successor liability.  Count III asserts a claim against the individual Defendants pursuant to N.J. Stat. Ann. § 42:2C-51, which provides that, under certain circumstances, individual members of an LLC may be liable for the LLC's obligations after its dissolution.  Count IV seeks recovery from the individual Defendants based on piercing of the corporate veil.

Defendants have moved to dismiss the entire Amended Complaint on the grounds that Plaintiff failed to comply with Federal Rule of Civil Procedure 15(a).  In the alternative, Defendants have moved to dismiss Count III and Count IV of the Amended Complaint for failure to state a claim against the individual Defendants.   Plaintiff opposes the Motion.

## II.    LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Shorter v. United States, 12 F.4th 366, 371 (3d Cir. 2021) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). However, we "are not bound to accept as true a legal conclusion couched as a factual allegation." Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," which "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first quoting Fed. R. Civ. P. 8(a)(2); then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (second alteration in original)). The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555), cert. denied sub nom. Geness v. Pennsylvania, 210 L. Ed. 2d 833 (2021).

## III. DISCUSSION

### A. Compliance with Rule 15

Defendants argue that the entire Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 15(a).  Specifically, Defendants contend that Plaintiff filed her Amended Complaint beyond the time period permitted for unilateral amendments in Rule 15(a)(1) and they argue that, as a result, Plaintiff was required to obtain either Defendants' written consent or the Court's leave to amend, neither of which Plaintiff did.  Defendants further maintain that, if Plaintiff had sought judicial leave to amend, the Court would have denied the amendment as futile.

Defendants, however, misunderstand Rule 15, which permits a plaintiff to amend his/her complaint "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Here, Plaintiff filed the Amended Complaint on June 8, 2022, before Defendants' filing of either a responsive pleading or their Rule 12(b)(6) Motion.[3]  Thus, Rule 15(a)(1)(B)'s 21-day time period for amendment had not yet begun to run, and Plaintiff timely amended her complaint "as a matter of course" pursuant to Rule 15(a)(1).  Furthermore, while Defendants urge us to review the Amended Complaint for futility, we have no discretion to prevent amendment where an amended pleading is filed as a matter of course.  See Milko v. Int'l Flavors & Fragrances, Inc., Civ. A. No. 15-8291, 2016 WL 8709998, at *6 (D.N.J. July 29, 2016) ("[T]h[e] Court has no discretion to deny leave to amend on the grounds of futility where, as here, the Plaintiff filed an Amended Complaint as a matter of course . . . ." (second and third alterations in original) (quoting Houser v. Pa. Dep't of Corr., Civ. A. No. 13-1068, 2014 WL 640261, at *2 (W.D. Pa. Feb. 19, 2014))); see also Broyles v. Corr. Med. Servs., Inc., No. 08-1639, 2009 WL

---

[3] Defendants' Motion was filed on August 12, 2022.

3154241, at *4 (6th Cir. Jan. 23, 2009) (concluding that the district court abused its discretion in striking plaintiff's amended complaint on the grounds of futility where it was filed as a matter of course). Because Plaintiff filed the Amended Complaint as a matter of course pursuant to Rule 15(a)(1), we conclude that the Amended Complaint is not subject to dismissal for failure to comply with that Rule and we deny Defendants' Motion to the extent that it relies on that argument.

### B. Personal Liability of the Individual Defendants

Defendants argue that we should dismiss Counts III and IV of the Amended Complaint because Plaintiff has failed to state a claim against the individual Defendants either pursuant to N.J. Stat. Ann. § 42:2C-51 or pursuant to a piercing of the corporate veil theory.

#### 1. Count III: N.J. Stat. Ann. § 42:2C-51

Count III of the Amended Complaint seeks to hold the individual Defendants personally liable for the obligations of Yaseen, pursuant to N.J. Stat. Ann. § 42:2C-51. Section 2C-51 of Title 42 of the New Jersey Statutes provides that, if an LLC dissolves and distributes its remaining assets to its members, then a claimant may recover from the individual members to the extent of the assets distributed to them for a claim that arose against the LLC prior to its dissolution. N.J. Stat. Ann. § 42:2C-51(d)(2). Defendants have moved for dismissal of Count III on the grounds that Pennsylvania law, as opposed to New Jersey law, applies to the issues in this case and, thus, § 42:2C-51 is simply inapplicable. Defendants also appear to argue that we should dismiss Count III because the factual allegations of the Complaint do not support a claim under the statute. Plaintiff counters that New Jersey law applies to her claims against Yaseen and its members because Yaseen was formed in the state of New Jersey. She further argues that she has alleged sufficient facts to state a claim under § 42:2C-51.

The parties agree that we have subject matter jurisdiction over this action based on diversity

of citizenship. "A federal court sitting in diversity applies the choice-of-law principles of the state in which . . . the District Court sits." McElroy v. FirstEnergy Corp., 824 F. App'x 97, 99 n.3 (3d Cir. 2020) (citing Berg Chilling Sys., Inc. v. Hull Corp., 435 F.3d 455, 462 (3d Cir. 2006)). This Court therefore applies Pennsylvania's choice-of-law principles. Count III of the Amended Complaint seeks to hold members of an LLC—the individual Defendants—personally liable for any corporate indebtedness of Yaseen—an LLC formed in New Jersey. (Am. Compl. ¶¶ 16-17, 36-39.) "'Under Pennsylvania law, the existence and extent' of member liability for the 'corporate indebtedness' of an LLC 'is determined by the law of the state of incorporation.'"[4] Pasternack v. Klein, Civ. A. No. 14-2275, 2017 WL 10810183, at *7 (E.D. Pa. July 24, 2017), (quoting Commonwealth v. Golden Gate Nat'l Senior Care LLC, 158 A.3d 203, 236 (Pa. Commw. Ct. 2017)), aff'd, 751 F. App'x 332 (3d Cir. 2018); see also McElroy, 824 F. App'x at 99 (applying Pennsylvania's choice-of-law principles and, therefore, using Ohio law to determine the liability of an LLC parent company for obligations of subsidiary LLC formed in Ohio). Thus, pursuant to Pennsylvania's choice-of-law rules, Plaintiff properly bases her claim in Count III on New Jersey law.

Applying New Jersey law, Plaintiff may plausibly seek recovery from the individual Defendants pursuant to N.J. Stat. Ann. § 42:2C-51, if she pled sufficient facts to show that (1) she had a claim against an LLC prior to its dissolution; (2) the LLC dissolved; and (3) after its dissolution, the LLC distributed its remaining assets to its members. N.J. Stat. Ann. § 42:2C-51(d)(2). Here, Plaintiff alleges that her claims against Yaseen arose on February 21, 2021.

---

[4] An LLC is not an incorporated entity, yet courts frequently use the words "incorporated" and "corporate" to describe its organization and structure. See, e.g., McElroy, 824 F. App'x 97 (referring throughout to the defendant corporation and the defendant limited liability company together as corporate entities).

(Am. Compl. ¶¶ 10, 18.)   Nearly one year later, on February 8, 2022, Plaintiff alleges that Yaseen applied for dissolution in the state of New Jersey and, following its dissolution, Yaseen distributed its remaining assets to the individual Defendants.   (Id. ¶¶ 37-38.)   Based upon these allegations, Plaintiff has plausibly asserted a claim against the individual Defendants pursuant to § 42:2C-51(d)(2).   For all of these reasons, we deny Defendants' Motion as to Count III.

### 2.   Count IV: Piercing the Corporate Veil

In Count IV, Plaintiff seeks recovery from the individual Defendants, i.e., the members of Yaseen and ZBB, by piercing the corporate veil.   "Piercing the corporate veil is 'an equitable remedy designed to [rectify] a fundamental unfairness perpetrated under the guise of the corporate form'" by holding individual members of an LLC liable for the debts of the entity.   Pasternack, 2017 WL 10810183, at *8 (quoting State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009)) (citing Verni ex rel. Burstein v. Harry M. Stevens, Inc., 903 A.2d 475, 498 (N.J. Super. Ct. App. Div. 2006)).   Defendants argue that Plaintiff has failed to allege facts sufficient to pierce the corporate veil because Plaintiff's allegations constitute bare legal conclusions.   See Cent. Transp., LLC v. Atlas Towing, Inc., 884 F. Supp. 2d 207, 217 (E.D. Pa. 2012) ("[A]verments reciting elements of the veil-piercing test, without any supporting facts, constitute legal conclusions. . . . [S]uch averments cannot support a veil-piercing claim." (internal quotations omitted)).   Plaintiff counters that she has pled sufficient facts to support a corporate veil-piercing remedy.

As discussed above, Pennsylvania's choice-of-law rules provide that New Jersey law governs this Court's analysis of "the existence and extent of member liability for the corporate indebtedness of an LLC."   See Pasternack, 2017 WL 10810183, at *7 (internal quotations omitted) (applying New Jersey law, pursuant to Pennsylvania's choice-of-law rules, in analyzing

a corporate veil piercing remedy against an LLC formed in New Jersey).[5]   Generally, members of New Jersey LLCs may not be held personally liable for the debts of the entity.  Id. at *8 (quoting State, Dep't of Envtl. Prot. v. Ventron Corp., 468 A.2d 150, 164 (N.J. 1983)).  "However, an 'individual may be liable for corporate obligations if he was using the corporation as his alter ego and abusing the corporate form in order to advance his personal interests.'"  Id. (quoting Sean Wood, L.L.C. v. Hegarty Grp., Inc., 29 A.3d 1066, 1076 (N.J. Super. Ct. App. Div. 2011)).

A plaintiff seeking to pierce the corporate veil must plead two elements.  Id.  First, the plaintiff must allege "that the LLC is 'organized and operated as to make it a mere instrumentality of' [its] individual" members.  Id. (quoting RNC Sys., Inc. v. MTG Holdings, LLC, Civ. A. No. 15-5239, 2017 WL 1135222, at *5 (D.N.J. Mar. 27, 2017)).  Second, the plaintiff must allege that "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice" because its individual members have "abused the privilege of incorporation by using the corporate form to perpetrate a fraud or injustice, or otherwise to circumvent the law."  Id. (quoting Pappas Bus. Servs., LLC, 646 F. Supp. 2d at 679) (citation omitted).  In considering the first element, New Jersey courts look for facts such as the following:

> gross undercapitalization[,] failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders.

Id. (alteration in original) (quoting RNC Sys., Inc., 2017 WL 1135222, at *5).  In considering the

---

[5] In her Response to Defendants' Motion to Dismiss, Plaintiff argues that her claim in Count IV satisfies the veil piercing standards under Pennsylvania law.  However, as explained above, it is New Jersey law that governs this claim.  We nevertheless find Plaintiff's Response to be pertinent because "Pennsylvania and New Jersey apply similar standards when piercing the corporate veil."  Pasternack, 2017 WL 10810183, at *7 n.10 (citing Culbreth v. Amosa (Pty) Ltd., 898 F.2d 13, 15 (3d Cir. 1990)) (additional citations omitted).

8

second element, "[a] plaintiff is not required to [plead] common law fraud; instead, he must '[allege] that the defendants, via the corporate form, perpetrated a fraud, injustice, or the like, a less exacting standard." Id. (quoting Pappas Bus. Servs., LLC, 646 F. Supp. 2d at 679); see also River Rd. Dev. Corp. v. Carlson Corp.-Ne., Civ. A. No. 89-7037, 1990 WL 6092, at *3 (E.D. Pa. Jan. 25, 1990) (noting that a corporate veil piercing claim need not meet the pleading standard for fraud set forth in Federal Rule of Civil Procedure 9(b)).

Here, Plaintiff alleges that Yaseen and ZBB, through the individual Defendants, failed to register as foreign businesses with the state of Pennsylvania, failed to pay taxes in Pennsylvania, failed to obtain liability insurance, failed to properly capitalize their businesses, failed to adhere to corporate structures, and failed to separate corporate assets from personal assets.  (Am. Compl. ¶¶ 42-48.)   Plaintiff alleges that these failures resulted in a "façade corporate shell" that operated to "avoid obligations to Plaintiff."   (Id. ¶¶ 45, 49.)   Additionally, Plaintiff specifically alleges that on February 2, 2021, Yaseen transferred its assets to ZBB, without receiving fair compensation in return, and on February 8, 2022, while on notice of Plaintiff's claims, the individual Defendants liquidated and dissolved Yaseen.  (Id. ¶¶ 27-29, 32, 37-38.)   We conclude that these allegations go beyond merely restating the elements of a veil piercing claim and "raise a right to relief above the speculative level."   Geness, 974 F.3d at 269 (quoting Twombly, 550 U.S. at 555). Accordingly, we deny Defendants' Motion as to Count IV.

## IV.    CONCLUSION

For the foregoing reasons, we deny Defendants' Motion in its entirety.  An appropriate Order follows.

BY THE COURT:
/s/ John R. Padova, J.
_____
John R. Padova, J.

9